Frazier, J. (orally.)
Tbe case of August Aim by next friend against Andrews Brothers Company is a petition in error to reverse the judgment of the court of common pleas upon a motion for a new trial on the ground of disqualification and misconduct of a juror.
The plaintiff in error claims that the juror was disqualified by reason of deafness. The record shows that the fact of deafness, or claimed deafness, was not known to the party until the impaneling of a jury in another case; that it was then discovered by counsel,from which we may infer that he was a regular juror returned in the regular way; nor does it appear from the evidence, if the juror was disqualified as is claimed, that any means was taken by the party in order to ascertain that'fact, they assuming, no doubt, that he, being a regular juror, had the qualifications, and was competent.
There are numerous cases reported in the Ohio and Ohio St. Reports in which the want of qualification of jurors is discussed, and in all of them it is laid down that the party complaining, must have been diligent to ascertain and discover the facts. In Watts v. Ruth, 30 Ohio St. 32, the juror was a minor; it is held “when a party, at the time the juror is impaneled, fails to make any inquiry of the juror as to his competency, he, by such omission, waives all objection to the competency of such juror, that could have been ascertained by such inquiry, except such as the court is required to ascertain, sua sponte.” In Kenrick v. Reppard, 23 Ohio St. 383 the syllabus is “as a general rule, a party failing to make inquiry as to the competency of a juror at the time he is impaneled will be held to have' waived all objections to his competency; and it is not enough in order to take the case out of the general rule, for the party to show simply that at the time of impaneling the juror he was ignorant of the fact of his incompetency, or believed him to be competent; and the rule applies as well to jurors summoned *593 upon special venire as to jurors drawn from the box.” And in Dokes v. Boards 9 Bull. 79 the District Court of Hamilton county held that the fact that a juror could neither speak nor understand English is ground of challenge, but it is not ground for new trial when not objected to before trial. Being an objection to the competency, it is waived unless he is examined and challenged, and mere ignorance of the party is not enough. He should have exercised his diligence in finding out before, and not after trial.
In Thompson and Merriam on Jurors the rule is stated that the testimony must be clear in order to establish-incompetency on the part of jurors, and we are not satisfied from this evidence upon this branch of the case that the court below erred. The judge below had the juror before him, and he was orally examined in open court as a witness upon the hearing of the motion, and the court had much better means of judging and determining whether the juror’s hearing was such as to disqualify him, than we can from the record alone. The court below overruled the motion, and we cannot say it erred in doing so. And from the evidence we think on this branch of the case the court did not err.
Upon the other branch of the case,1 the misconduct of the jury,it is held in some jurisdictions that it is incumbent upon a party seeking a reversal on account of the misconduct of a juror to show that he was prejudiced; for instance if misconduct on the part of the juror is shown it must also appear that he was prejudiced thereby.
We think the better rule is that where the act complained of is such from which prejudice would naturally be inferred, we should, in the absence of a showing in the record to the contrary, hold he is thereby prejudiced; and that the plaintiff, in order to have the benefit of his exception, was not required to set out any part of the testimony introduced upon the trial to the jury.
The misconduct is claimed to have occurred during a view *594 ordered under section 5191.Revised Statutes, and with other testimony the plaintiff offered the affidavit of some, of the jurors to show- misconduct on the part of other jurors.
In Kent v. State, 42 Ohio St. 426. it is held, “that affidavits of jurors will not be regarded for the purpose of setting aside the verdict until misconduct of the jury is shown aliunde."
In the case at bar they are not seeking to invade the jury room; they a.re inquiring of conduct outside of the jury room, and during the view of the premises or place where the injury occurred. But assuming all the testimony offered to be competent, the record must clearly show there was mis-, conduct. I shall refer only lo the testimony of such witnesses-as speak of the misconduct, or claimed misconduct of the juror, O. B. Ramser.
John Louster says he was one of the jurors on the trial of this cause; that C. B. Ramser was also one of said jurors, that he was not much acquainted with said Ramser until on the trial, and saj^s. “We were sent down to the rolling mill to look at. the straightening machine, and while we were down there looking at the machine. I heard CJ. B. Ramser talking to other jurors. He said, ‘Any one that put his hand in there ought to be hurt.' !' He also states that Ramser kept on talking while down there and on the way back to the court house.
Plaintiff introduced the testimony of Oscar Johnson, who states he is an uncle of the plaintiff. He says. “I was standing near the cog-wheel, near the back end of the machine, and while standing there, I heard two of the jurymen talking of the case. I was standing pretty close to them; I heard one of them say that any one that would put his hand in a place like that ought to be hurt, or might as well be hurt, or something like that,'"’ and gives further testimony to show or tending to show the person making the statement was a juror, but does not identify órname the juror. Also *595 the affidavit of Janies McKay, one of the plaintiff’s attorneys, who says, "I heard Mr. Kamser and other jurors talking together at the rear end of the machine. I was at the other end of the machine, about ten feet away, and could not hear what they said. Mr. Louster and Mr. Parkins, two of the jurors, were standing between them and me, and near the cog-wheel. One of them said, I do not know which one. said, if a boy got his hand in that -wheel he would be a goner. ”
We have no information as to what this straightening ma-' chine is, other than what is contained in the pleadings, and by them it is in issue where the plaintiff’s hand was caught and how he received the injury. Nor does the record disclose whether the place the juror -was talking about was the place where plaintiff claimed to have received his injury. The evidem^e is so indefinite, so uncertain, we cannot say the court below erred in refusing to set aside the verdict and grant anew trial.
It is probably proper to say, assuming that the jury were, as is usually done, instructed before they left the court room not to talk about the case among themselves, and not to form an opinion until the case was finally submitted to them, if a juror disobeyed the instruction by talking about the case, the court below might have punished him for disobedience of its instructions. Misconduct of a juror in some sense affects the conduct of all the members of the jury, and the proper administration of justice as well as the rights of suitors.
While it is shown the juror was talking about something, was talking about the case, that he kept on talking down at the mill and on the way back to the court house, what he said is not shown. And in our opinion the plaintiff does not show himself entitled to a new trial. The judgment of the court of common pleas is affirmed, with costs, no penalty.